IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRUCE JOSEPH TAYLOR
ADC #89149 PETITIONER

V. NO. 5:08cv00026 BSM-JWC

LARRY NORRIS, Director,
Arkansas Department of Correction RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**RECOMMENDED DISPOSITION**

Bruce Joseph Taylor, an Arkansas Department of Correction inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2). Respondent has filed a motion to dismiss the petition as a "second or successive" application requiring authorization from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) (doc. 7). For the reasons that follow, the motion should be **granted**.

I.

Following entry of a guilty plea in September 1987 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of aggravated robbery and theft of property in Pulaski County Circuit Case No. CR-87-1087, and he was sentenced to thirty years of imprisonment. (Resp't Ex. 1.) Following a trial in October 1987, he was convicted of separate charges of rape and aggravated robbery in Pulaski County Circuit Case No. CR-87-1053, receiving sentences of forty and twenty years. (*See* doc. 2, ¶¶ 5-7, 17.)

In April 1993, Petitioner filed a § 2254 habeas petition in this Court, challenging the September 1987 convictions and alleging: (1) the convictions were obtained by the use of evidence gained pursuant to an unlawful arrest; (2) the convictions were obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure; (3) the convictions were obtained by use of a coerced confession; and (4) his guilty plea was unlawfully induced or not made voluntarily. The Court dismissed the petition with prejudice, finding that all of his claims were either without merit or procedurally barred due to his failure to first raise them in state court. *Taylor v. Endell*, No. PB-C-93-268 (E.D. Ark. Aug. 19, 1994) (Resp't Ex. 2). Petitioner's application for a certificate of probable cause to appeal was denied by the District Court and by the Eighth Circuit Court of Appeals. (Resp't Ex. 3.)

In December 1997, he filed a § 2254 habeas petition in this Court challenging the October 1987 rape and aggravated robbery convictions. The petition was dismissed as barred by the one-year statute of limitations for federal habeas petitions, as set forth in 28 U.S.C. § 2244(d). *Taylor v. Norris*, No. PB-C-97-553 (E.D. Ark. July 8, 1998). In August 2007, he filed a second § 2254 habeas petition in this Court challenging the October 1987 convictions. It was summarily dismissed without prejudice as a successive federal habeas application, for which Petitioner had not received authorization from the Eighth Circuit Court of Appeals. *Taylor v. Toney*, No. 5:07cv00219 (E.D. Ark. Oct. 9, 2007).

On February 1, 2008, he filed this, his second federal habeas petition challenging the September 1987 aggravated robbery and theft of property convictions, and advancing the following claims for relief:

1. His convictions were obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea;

2. The procedure did not comply with the Sixth Amendment and his sentence violated his right to a jury trial;

3. He was denied due process and equal protection under the Fourteenth Amendment; and

4. He has been deprived of First Amendment protection because he has been subjected to retaliation and hardship in his efforts to seek redress in all branches of state and federal government.

II.

Substantial difficulties exist for state prisoners attempting to bring "second or successive" federal habeas petitions challenging their state-court convictions. Specifically, before filing his petition in the district court, the prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A panel of the court of appeals may authorize the filing of a successive petition only if it satisfies the requirements of § 2244(b).[1] *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). Until an order of authorization is obtained from the court of appeals, the district court has no jurisdiction to consider a successive petition. *Id.* at 796, 799.

---

[1]This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence *and* the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id.* § 2244(b)(2).

To the extent that Petitioner is challenging the September 1987 aggravated robbery and theft convictions and sentences imposed by the Pulaski County Circuit Court, his claims clearly are successive, as he has once before argued in a federal § 2254 habeas petition that the convictions and/or sentences are invalid. *Id.* at 796 (petition is successive where prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"). A prior habeas petition will be disregarded in some circumstances, such as when it is dismissed without prejudice as premature or for failure to exhaust state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (second petition not successive where first petition was dismissed for failure to exhaust, without adjudicating any claims); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (where competency for execution claim dismissed without prejudice as premature from first petition, petitioner can bring the claim again when ripe without authorization under successive-petition statute). However, unlike the above cases, Petitioner's first habeas petition was dismissed with prejudice because his claims were without merit or procedurally barred. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir.), *cert. denied*, 546 U.S. 884 (2005) (denial of first habeas petition on procedural default grounds constitutes disposition on the merits and renders subsequent habeas petition "second or successive"); *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) (denial of procedurally defaulted claims in first habeas petition is "on the merits" even though the underlying merits of the claims were not reviewed, necessitating authorization from court of appeals); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (denial on procedural default grounds constitutes an adjudication on the merits and thus renders a subsequent § 2254 petition

"second or successive"); *Caton v. Clarke*, 70 F.3d 64, 65 (8th Cir. 1995) (interpreting prior law).

There is no allegation or evidence that Petitioner has sought or received permission from the Eighth Circuit Court of Appeals to file a successive petition as required by statute. Therefore, this Court is without jurisdiction to entertain any claims challenging the validity of his September 1987 convictions or sentences, and they should be dismissed without prejudice.

A careful review of Petitioner's allegations shows that, although his petition purports to attack only his September 1987 convictions (doc. 2 ¶ 1), he also raises claims regarding the October 1987 convictions and a later parole eligibility determination. Specifically, he alleges he was coerced into pleading guilty to the aggravated robbery and theft charges in September 1987 in exchange for a thirty year sentence, and he was told the time would be cut in half with good time credit and the convictions would not be used against him in his October 1987 trial on the separate rape and aggravated robbery charges. He says the plea agreement was breached when the convictions were used against him in the October 1987 trial. He further alleges that his original parole eligibility date (November 25, 2004) was changed without notice in October 1998, extending his sentence by nine years (to August 25, 2013), which was not disclosed to him until a classification meeting in July 2003. He says the more burdensome punishment constitutes an *ex post facto* violation. (*See* doc. 2, ¶¶ 12-13.)

Any claim further challenging the validity of the October 1987 convictions and sentences also should be dismissed as successive. As Petitioner has already litigated two

federal habeas petitions regarding these convictions, this Court is without jurisdiction to proceed absent Eighth Circuit authorization.

As stated, some of Petitioner's allegations contest an October 1998 parole eligibility determination, rather than the validity of his criminal convictions. Generally, a habeas petition challenging the execution of a sentence, rather than the validity of a conviction, is not "second or successive" merely because the petitioner has previously filed a petition challenging his conviction. *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001). Such a claim does not require Court of Appeals authorization to proceed. *Id.* Nevertheless, Petitioner's claims regarding the October 1998 parole eligibility decision also should be dismissed as successive because the decision predated his 2007 § 2254 habeas petition regarding the October 1987 convictions; therefore, any related claims should have been raised at that time. In fact, the Court's records show that he submitted in that case allegations and documentation regarding the change of his parole eligibility date. (*See* No. 5:07-cv-00219: doc. 2-1, at 10, 80-87; doc. 2-2, at 62-63; doc. 7, at 13).

In summary, all claims raised by Petitioner in his current § 2254 petition – whether challenging his September 1987 convictions and sentences, his October 1987 convictions and sentences, or the October 1998 parole eligibility determination – are successive, and this Court has no jurisdiction to consider them unless the Eighth Circuit Court of Appeals grants authorization to proceed.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus is a "second or successive application" under § 2244(b) and requires prior Court of Appeals

authorization. Respondent's motion to dismiss (doc. 7) should be **granted**, and the petition (doc. 2) should be **dismissed** without prejudice to refiling if Petitioner obtains the necessary order from the United States Court of Appeals for the Eighth Circuit.

DATED this 7th day of May, 2008.

UNITED STATES MAGISTRATE JUDGE